**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHAWN NEWMAN**<br>**36 Tierney Court**<br>**Quakertown, PA 18951**<br>           **Plaintiff,**<br><br>           v.<br><br>**FRED BEANS FORD OF DOYLESTOWN**<br>**876 N. Easton Rd**<br>**Doylestown, PA 18092**<br><br>**AND**<br><br>**FRED BEANS HOLDINGS, INC.**<br>**3960 Airport Boulevard**<br>**Doylestown, PA 18902**<br>           **Defendants.** | **Civil Action No.**<br><br>**Complaint and Jury Demand** |

**CIVIL ACTION**

Plaintiff, Shawn Newman (hereinafter "Plaintiff"), by and through Plaintiff's attorney, Koller Law, LLC, bring this civil matter against Fred Beans Ford of Doylestown and Fred Beans Holding, Inc. (hereinafter "Defendant"), for violations pursuant to the Americans with Disability

Act 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above-captioned address.

3. Upon information and belief, Fred Beans Ford of Doylestown is a new and used car dealership located at 876 N. Easton Rd, Doylestown, PA 18092. Fred Beans Ford of Doylestown is owned by the parent company Fred Beans Holding Inc, headquartered at 3960 Airport Boulevard Doylestown, PA 18902.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the

standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted Plaintiff's administrative remedies under the ADA and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Charge was assigned Charge Number 530-2022-01446 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated April 15, 2023. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of Plaintiff's intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of the receipt of Plaintiff's Right to Sue in this matter.

18. Plaintiff has exhausted Plaintiff's administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In or about September of 2021, Plaintiff submitted an application to Defendant for an open position in the Parts Department.

21. At all times relevant hereto, Plaintiff was well-qualified for the job, with over four (4) years working in automotive parts.

22. In or about mid-September 2021, Plaintiff was interviewed for the said position.

23. Therein, Plaintiff informed Defendant that he had Long Thoracic Nerve Damage, resulting from a past shoulder injury.

24. Said medical condition constitutes a disability within the meaning of the PHRA and the ADA in that it substantially limits one or more of Plaintiff's major life activities, including, but not limited to, lifting.

25. In connection therewith, Plaintiff maintained that he would still be able to perform the essential functions of the job.

26. Further, since the job description stated that he would have to occasionally lift fifty (50) pounds, Plaintiff apprised Defendant that while he could perform most of the job description

without accommodation, he would need assistance on those occasions when greater than fifty (50) pounds needed to be lifted until his condition improved.

27. In response, Defendant blatantly admitted that Plaintiff's application may be rejected due to his disability and abruptly ended the interview.

28. Thereafter, Defendant failed to hire Plaintiff and failed to ever contact him again.

29. Upon information and belief, Defendant only considered Plaintiff for a lower paying position because of Plaintiff's disability and restrictions.

30. It is Plaintiff's position that Defendant discriminated against him in considering what positions Plaintiff could work in and the rate of pay Plaintiiff would have been able to receive based on Plaintiff's disability and retaliated against for requesting reasonable accommodations by refusing to consider an accommodation instead of only considering Plaintiff for a lower paying position, in violation of the ADA and PHRA.

31. Defendant's conduct was willful or with reckless disregard of Plaintiff's statutorily protected rights under Federal law.

## COUNT I
## DISABILITY DISCRIMINATION /FAILURE TO HIRE/FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

32. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

33. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

34. Plaintiff was qualified to perform the job.

35. Defendant was aware of Plaintiff's disability.

36. Plaintiff was subject to an adverse employment action, including, but not limited to failure to hire.

37. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

38. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment action.

39. Plaintiff's disability motivated Defendant's decision to not hire Plaintiff.

40. The purported reason for Defendant's decision is pretextual.

41. Others similarly situated outside of Plaintiff's protected class were treated more favorably.

42. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

43. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

44. Defendant's conduct was willful or with reckless disregard of Plaintiff's statutorily protected rights under Federal law.

   **WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II
## DISABILITY DISCRIMINATION /FAILURE TO HIRE/FAILURE TO REASONABLE ACCOMODATE IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or

limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

47. Plaintiff was qualified to perform the job.

48. Defendant was aware of Plaintiff's disability.

49. Plaintiff was subject to an adverse employment action, including, but not limited to failure to hire.

50. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

51. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment action.

52. Plaintiff's disability motivated Defendant's decision to not hire Plaintiff.

53. The purported reason for Defendant's decision is pretextual.

54. Others similarly situated outside of Plaintiff's protected class were treated more favorably.

55. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

56. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III
## RETALIATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff engaged in ADA-protected activity when Plaintiff requested reasonable accommodation during the hiring process.

59. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to failure to hire.

60. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

61. Defendant's conduct was willful or with reckless disregard of Plaintiff's statutorily protected rights under Federal law.

   **WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI
## RETALIATION IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. Plaintiff engaged in PHRA-protected activity when Plaintiff requested reasonable accommodation.

64. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to failure to hire.

65. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

   **WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Shawn Newman, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the FMLA, ADA and PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                        **RESPECTFULLY SUBMITTED,**

                                        **KOLLER LAW, LLC**

Date: July 14, 2023                        By *:/s/ David M. Koller*
                                        David M. Koller, Esquire (90119)
                                        Jordan D. Santo, Esquire (320573)
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        T: 215-545-8917
                                        F: 215-575-0826
                                        davidk@kollerlawfirm.com
                                        jordans@kollerlawfirm.com

                                        *Counsel for Plaintiff*